HOLMES, Judge.
This is a divorce case.
After an ore terms hearing, the trial court divorced the parties and effectuated a division of the property.
The husband, through able counsel, appeals, contending that the trial court erred to reversal in its award to the wife.
We find no error requiring reversal and affirm.
It is well established that the division of property is within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. See Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986); Golson v. Golson, 471 So.2d 426 (Ala.Civ.App.1985).
Moreover, in a divorce case when the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court’s decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subject.
*676 We do note that the award to the wife is generous. However, viewing the record with the attendant presumptions and thereby considering the “fault” of the husband, the “source of certain marital assets,” the absence of any periodic alimony to the wife, and the husband’s minimal child support payments, we are not persuaded that the division of property constitutes a plain abuse of discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The wife’s request for an attorney fee for representation on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.