HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and ordered the husband to pay the wife $32,500 alimony in gross and $100 per month periodic alimony. The trial court further ordered the husband to satisfy a majority of the outstanding debts of the parties.
The husband appeals, contending that the trial court abused its discretion in the awards of alimony to the wife and in the “division” of the outstanding debts.
We find no error requiring reversal and affirm.
It is well established that the award of alimony and the payment of debts are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986); Scruggs v. Scruggs, 456 So.2d 319 (Ala.Civ.App. 1984).
Moreover, when the trial court hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by competent evidence unless the trial court’s decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subject.
We do note that the husband was awarded the marital home, approximately thirty-one acres of land, the family grocery/service station (including inventory), and his interest in his Savings and Investment Plan. In addition, viewing the record with the attendant presumptions and thereby considering the length of the marriage, the disability of the wife, and the amount of property awarded the husband, we are not persuaded that the alimony awarded, both in gross and periodic, and the division of the outstanding debts constitute a plain abuse of discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The wife's request for an attorney fee for representation on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.