This is a divorce case.
Sam Thompson and Sherry Williams Thompson were married on April 14, 1978 and separated in July 1987. The husband filed for divorce on July 11, 1987, and the wife answered and counterclaimed for divorce on July 20, 1987. The Mobile County Circuit Court divorced the parties on January 25, 1988.
Pursuant to the court's decree the husband was "awarded all title and interest to the MSSA-IEA Local 1985 pension fund." The husband was then ordered to pay to the wife "the sum of $26,000.00 as alimony in gross, payable at the rate of $50.00 per week until the entire amount is paid in full."
The husband appeals, asserting that the trial court improperly considered husband's retirement benefits when it awarded the wife $26,000 as alimony in gross. The wife has not submitted a brief.
At the time of trial the administrator of husband's retirement fund estimated husband's balance in the fund to be approximately $52,000. The court awarded the husband all title and interest to the retirement fund. Yet, the court ordered the husband to pay the wife $26,000 as alimony in gross, payable at the rate of $50 per week.
Retirement benefits may not properly be considered as a property settlement or alimony in gross. Kabaci v. Kabaci,373 So.2d 1144 (Ala.Civ.App. 1979).
 "`Alimony in gross' is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of divorce."
Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974) (emphasis added).
Because husband's retirement benefits may not properly be considered a resource for satisfying the alimony in gross award, Kabaci, we must determine whether the award could be paid from the husband's present estate. Hager.
The record reveals the following concerning the husband's financial condition. At the time of trial husband was an unemployed crane operator. The couple lived in a mobile home located on a lot given to the *Page 1028 
husband by his grandmother. The balance left on the mobile home debt was $20,000. Although the couple had four vehicles, three had outstanding debts. Additionally, one of the four had no engine and another needed engine repair.
Further, the couple had a $3,000 Individual Retirement Account (IRA) and $2,200 in a credit union account. On the other hand, the couple had a $5,000 debt to the credit union. Husband testified that it was the $2,200 account that supplied payments on the $5,000 debt.
The court's decree awarded the wife the mobile home and lot with payments to be made by the husband. The court awarded the newest car to the wife with payments to be made by the husband. Further, the wife was awarded the credit union account.
The husband, on the other hand, was awarded the IRA, two vehicles, and a lawn-mower. Further, he was ordered: to pay $125 per week in child support, to pay for one-half the costs of daycare for the parties' two daughters, to maintain insurance on the children, and to pay their extraordinary medical bills.
In short, the only major asset awarded to the husband was his retirement. As stated previously, that cannot be awarded as alimony in gross. Kabaci. Our examination of the evidence reveals that the retirement fund was the husband's only resource for the alimony in gross. To allow the court to award the wife $26,000 — a figure reflecting approximately one-half the husband's retirement benefits — would be allowing the trial court to do indirectly what case law prohibits it from doing directly. See, Cox v. Cox, 531 So.2d 1232 (Ala.Civ.App. 1988). This we cannot do.
That aspect of the trial court's judgment awarding alimony in gross is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, J., concurs.
HOLMES, J., concurs specially.