The wife appeals from the trial court's decree granting her a divorce and a division of the marital property.
After ore tenus proceedings, the divorce was granted on the ground of the parties' incompatibility of temperament. The decree awarded the wife $149,000 as her share of the marital real property; other personal property was divided but is not in dispute.
The parties have been married since May 1981, and no children were born to this marriage. The parties were married in California, but moved to Dothan, Alabama where the husband resides. The wife owned two homes in California which were sold and approximately $180,000 was realized from their sale during the marriage. When the wife left California she was forced to quit her $24,000 per year job. The wife has worked during the parties' marriage, but her income was substantially less than that in California. Since the parties' separation the wife has been employed in Atlanta, Georgia, earning about $29,000 per year, but at the time of the hearing she was unemployed.
The husband is the owner of a beverage distributorship. At the time of the parties' marriage his "net worth" was approximately $1,000,000; when the parties separated, his net worth was approximately $1,350,000; at the time of the hearing the husband's net worth was $200,000 because of loans used to purchase a partner's interest and to expand his business. The husband was earning approximately $65,000 per year at the time of the hearing.
The parties' marital home was valued in excess of $300,000, but was encumbered by an approximate $150,000 mortgage. As stated, the wife was also awarded certain personal property; that property was worth approximately $15,000.
The wife asserts that the division of property was erroneous and constitutes a plain and palpable abuse of discretion.
Since the proceedings were conducted ore tenus, the judgment of the trial court is presumed correct on appeal and will not be set aside by this court unless it is shown to be plainly and palpably wrong. Wiggins v. Wiggins, 498 So.2d 853
(Ala.Civ.App. 1986). The division of property in a divorce decree does not have to be equal, but it must be equitable. Wiggins.
Factors that the trial court should consider, when making an equitable division of marital property, include the parties' age, health, future prospects for work, relative earning capacity, duration of the *Page 388 
marriage, their accustomed standard of living, the conduct of the parties as related to the breakdown of the marriage, and the source, value, and type of property to be divided. SeeDowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App. 1985).
Subsequent to the parties' physical separation, the husband gave the wife approximately $15,000; the trial court awarded the wife $149,000.
The parties' marriage lasted only eight years, and during that time the wife left the husband on several occasions; the last time was in January 1988 when she moved to Atlanta, Georgia. Even though the husband's earning capacity appears to be much greater than the wife's earning capacity, we believe that she has demonstrated that she can earn as much or more than she was earning when she left California.
Based upon the record evidence, we cannot say that the trial court's judgment is plainly and palpably wrong. Consequently, we do not find that the trial court abused its discretion in the amount of the award to the wife; therefore, we affirm its judgment.
The wife's request for an award of attorney's fees for her representation on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.