After an ore tenus proceeding, the trial court entered a judgment divorcing Amandia James (wife) and Johnny James (husband), ordering the husband to pay to the wife $14,400 in monthly installments of $200 as alimony in gross, awarding each party one of two one-acre lots owned by the parties, awarding the husband the cows owned by the parties (approximately twelve), and awarding the parties their respective vehicles. The wife appeals, contending that the trial court committed reversible error in not awarding periodic alimony. We affirm.
We note that, after an ore tenus proceeding, the trial court's judgment is presumed correct and will be set aside only when that judgment is determined to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987). In addition, matters of property division and alimony are within the sound discretion of the trial court, and that discretion will not be disturbed unless plainly and palpably wrong.Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App. 1986).
The record reveals that the parties were married on July 27, 1962, and that four children were born of the marriage, all of whom have reached the age of majority. The husband and the wife both worked throughout the marriage. The husband was away from the home often during the marriage because of his work, and the wife had most of the responsibility of raising the children.
The husband earns approximately $1,400 a month minus deductions, and the wife takes home $640 a month. The marital home had previously burned, and the husband lives with his brother, while the wife lives in a trailer, which she is purchasing.
Although the wife contends that the trial court abused its discretion by not granting periodic alimony, we note that the wife was awarded alimony in gross of $14,400, to be paid at the rate of $200 a month for six years. The function of this court is not to reweigh the evidence or to substitute its judgment for that of the trial court. Lewis v. Lewis, 494 So.2d 105
(Ala.Civ.App. 1986). In view of the above, we cannot find that the trial court's judgment was plainly and palpably wrong.
Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 562