This is a divorce case.
Kathryn Hendrix, wife, filed her complaint for divorce in the Circuit Court of Jackson County, Alabama. James L. Hendrix, husband, filed his motion to dismiss, or, in the alternative, to transfer the action to DeKalb County, the residence of the parties, and by agreement of the parties, the action was transferred. Pendente lite relief was ordered, and ultimately, the trial court entered a final decree of divorce ordering alimony and a property division. Following post judgment motions, the court amended the decree to increase the wife's monthly periodic alimony to $500, to award the husband certain requested personal property, and to order the wife's attorney's fee award paid directly to counsel. Later, the decree was amended to restore the wife's maiden name. All other facets of the trial court's decree remain unchanged. Hence, this appeal.
On appeal, the wife contends that the trial court abused its discretion in the award of alimony and the division of property. Further, she contends that the trial court's award of lump sum alimony, to be paid in installments without interest, was an abuse of discretion.
During this marriage of over forty years, the parties, both jointly and separately, acquired real and personal property, totalling approximately $600,000. The trial court awarded the wife approximately $140,000 in real and personal property, together with alimony in gross. Some of the alimony in gross was ordered payable in sixty monthly installments of $700, and a final lump sum payment of $88,000 was due on April 1, 1996. Additionally, the trial court awarded the wife $500 monthly periodic alimony and ordered the husband to pay certain of the wife's debts and attorney's fees.
The wife contends that the order of only $500 per month periodic alimony is inadequate and an abuse of discretion considering her age, health problems, and employability factors, together with the husband's income and resources.
The law is well-settled that matters of alimony and property division are within the sound discretion of the trial court. Where the evidence is presented ore tenus, as here, the judgment of the trial court regarding these matters is presumed to be correct and will not be set aside absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). The husband, aged 62, receives retirement income of approximately *Page 144 
$2,500 per month, and a salary as chairman of the county commission of $35,000 per year, along with other income from investments and rental of real estate. In view of the order to pay to the wife alimony in gross, together with periodic alimony, we cannot say that the trial court abused its discretion; therefore, the judgment will not be disturbed.Brothers v. Brothers, 515 So.2d 15 (Ala.Civ.App. 1987).
The wife next contends that the property division was inequitable and inadequate. The wife contends that she was awarded only approximately 23% of the marital assets; however, based on our close examination of the figures used by the trial court, the wife receives a substantially larger percentage of the assets. It appears that the wife's calculation must have included approximately $97,000 of the husband's retirement annuity; however, the retirement annuity must be deducted from the total value of the assets of the parties. Clearly, retirement benefits may not be considered as a property settlement or alimony in gross. Robinson v. Robinson,563 So.2d 1054 (Ala.Civ.App. 1990); Thompson v. Thompson, 532 So.2d 1027
(Ala.Civ.App. 1988). The division of assets need not be equal, but must be equitable. Wheelless v. Wheelless, 567 So.2d 386
(Ala.Civ.App. 1990). Even if a property division favors one spouse over the other, that is not, in and of itself, an abuse of discretion. Jordan v. Jordan, 547 So.2d 574
(Ala.Civ.App. 1989). Considering the large amounts of lump sum alimony ordered, it is unlikely that the husband will be able to pay such unless he liquidates and divests himself of some of his assets. In view of this fact, and the careful manner in which the trial court attempted to structure and adjust the equities in order to provide the wife with sufficient income and assets, we cannot say that the trial court abused its discretion.
The last issue raised by the wife is whether the trial court erred by not ordering interest to accrue on the installment of alimony in gross. Alimony in gross is the present value of the wife's inchoate marital rights, i.e., homestead, quarantine, and a distributive share, which is payable out of the husband's present estate as it exists at the time of the divorce.Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (Ala. 1974). It is not the function of this court to reweigh the evidence or to substitute its judgment for that of the trial court. James v.James, 582 So.2d 560 (Ala.Civ.App. 1991).
Based upon the foregoing, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.