After an ore tenus proceeding, the trial court entered a final judgment of divorce, awarding the wife custody of the parties' two children, granting visitation rights to the husband, and dividing the parties' property.
The husband appeals, contending that the trial court erred (1) by placing certain limitations on his visitation rights during the six-month period immediately following the parties' divorce; (2) by awarding the wife an account containing funds that he had inherited from his mother; (3) by awarding the wife a one-half interest in a house he acquired prior to the parties' marriage; and (4) by awarding the wife a one-half share of his retirement plan. The husband further contends that the trial court's division of marital property was, as a whole, inequitable.
At the outset we note our limited standard of review in divorce cases where the trial court receives ore tenus evidence. A presumption of correctness attaches to the judgment appealed from, and unless the evidence shows the trial court to be plainly and palpably wrong, we must affirm. Blankenship v.Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). Furthermore, the division of marital property is within the sound discretion of the trial court, and the court's judgment will not be reversed on appeal absent an abuse of such discretion. Golsonv. Golson, 471 So.2d 426 (Ala.Civ.App. 1985).
The husband first contends that the trial court erred by limiting his visitation during the first six months following the parties' divorce to a lunch, movie, or similar activity with the parties' children each Saturday. He maintains that this is unduly restrictive.
We note that a trial court has broad discretion in determining visitation rights, and its judgment will be affirmed on appeal unless it is unsupported by the evidence.Watson v. Watson, 555 So.2d 1115 (Ala.Civ.App. 1989). When exercising its discretion, the trial court's primary consideration must be the best interests and welfare of the child. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App. 1980).
We find considerable evidence in the record indicating that the husband had been experiencing serious psychological distress arising from the parties' impending divorce. A detailed recital of the testimony as to this issue, however, would serve no useful purpose here. The record further suggests an ongoing history of problems in the husband's relationship with the parties' children, which had intensified due to the divorce. A psychologist who had counseled the parties' older child testified that, given the situation of heightened tension and conflict in the family, she recommended that the husband's visitation initially be limited and then gradually increased. When questioned by the trial court, she recommended that "at least a good six months of building time" be allowed after the divorce before establishing full visitation.
In view of the evidence in the record, we do not find the trial court's order regarding the husband's initial visitation rights to be unduly restrictive. We note that the court's order provides for considerable expansion of the husband's visitation rights after expiration of the six-month period. We cannot say that the evidence shows the trial court's judgment to be plainly and palpably wrong, or that it is not in the best interests of the children. Accordingly, the trial court's judgment as to this issue is due to be affirmed.
The husband's next contention is that the trial court erred by awarding the wife a brokerage account containing funds that he had inherited from his mother. He maintains that this account, which holds approximately $9,000, is his separate estate and should have been excluded from the division of marital property. The husband cites § 30-2-51, Ala. Code 1975, which provides that property or money acquired by one party through inheritance cannot be *Page 1115 
considered in a property division unless such property or money was used regularly for the common benefit of both parties during the marriage. Marsh v. Marsh, 496 So.2d 71
(Ala.Civ.App. 1986).
Notwithstanding his contention on appeal, the husband testified at trial that $1,634 of the money in the brokerage account came through an inheritance from his mother, that $2,748.50 came from his mother through a financial clearing company, and that the remainder of the money in the account was generated from his employment income. Thus, by the husband's own admission, the majority of the funds in the account were not acquired through inheritance and could properly be considered as a marital asset. Further, the trial court heard testimony from the wife that during the marriage the husband had invested the parties' money in numerous accounts with the purpose of using profits from such investments for the payment of the children's educational expenses. Therefore, there was ample evidence to support a finding that the account the husband claims as separate was a marital asset consisting of commingled funds and utilized for the benefit of both parties. We find no error here.
The husband next contends that the trial court erred by ordering that in the event of the sale of a house purchased by the husband prior to the parties' marriage, the wife was to receive one-half of the sale proceeds. With respect to this house, which was rental property at the time of the divorce, the trial court further ordered that the husband was responsible for making future mortgage payments; however, the trial court also granted the husband the future rental payments from any tenants. The husband maintains that the house is his separate property and that if he is to bear future responsibility for paying the mortgage and supervising tenants, it would be inequitable for the court to grant the wife any proceeds in the event the house is sold.
At trial the wife testified that the husband purchased the house a year before the parties' marriage, while the parties were dating, and that the parties lived in the house as the marital residence for the first ten years of their marriage. During that time, the wife stated, mortgage payments on the house came from the parties' joint checking account. According to the wife, after the parties moved into a new residence, she began making mortgage payments on the house out of her own checking account. She testified that she made all payments on the house for approximately the final six years of the parties' marriage. She also indicated that the husband deposited any rental income from the house during this time into his own checking account.
The determination of what constitutes separate property is a question of fact to be decided by the trial court after review of the evidence. Jordan v. Jordan, 547 So.2d 574
(Ala.Civ.App. 1989). In view of the wife's testimony, we perceive no inequity in the trial court's judgment regarding proceeds from the sale of the house.
The husband also contends that the trial court erred by awarding the wife a one-half share of a 401(k) retirement plan set up by the husband through his employer. The evidence indicates that one-half of the approximately $93,000 in this plan was contributed by the husband through payroll deductions, and that one-half of the amount in the plan was contributed by the husband's employer. The trial court found this plan to be a marital asset.
It is well settled under Alabama law that retirement benefits are not divisible for the purposes of a property settlement or an award of alimony in gross. Cole v. Cole, 538 So.2d 21
(Ala.Civ.App. 1987); Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979). Therefore, we must hold that the trial court's award of one-half of the husband's retirement plan to the wife is in error. This portion of the trial court's judgment is reversed.
The husband has also contended that the trial court's division of marital property was inequitable as a whole. While there is voluminous and conflicting evidence as to the marital estate in the record, it is possible to infer that the trial court awarded the wife assets worth approximately $91,000, and that the husband *Page 1116 
was awarded assets worth approximately $97,000, not including inherited property that the husband was awarded outright. Suffice it to say that we find these respective amounts to be equitable in view of the relevant factors, including the length of the parties' marriage; their ages, health, and station in life; their current financial circumstances and their future prospects; and their conduct with reference to the cause of the divorce. Currie v. Currie, 550 So.2d 423 (Ala.Civ.App. 1989).
The parties were married for approximately sixteen years. The record reflects that both parties are college-educated, and that both are presently employed and possess relatively good future prospects. Although the husband contends that the divorce was due in large part to the conduct of the wife, a thorough examination of the record indicates that the trial court could have deemed the parties equally at fault in contributing to the breakup of the marriage.
Because of our holding regarding the husband's retirement plan, we remand this case for the trial court to determine an equitable division of the marital property in view of the above findings. In doing so, we point out to the trial court that this court has previously stated that the fact that one spouse has retirement benefits as an asset can be weighed by the trial court in effecting a just property division or in awarding alimony in gross. Rowe v. Rowe, 601 So.2d 1048
(Ala.Civ.App. 1992). We would further note that, at trial, the husband stated that it would be equitable for the trial court to award the wife one-half of the amount that he had contributed to his retirement plan.
The wife's request for an attorney's fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.