THIGPEN, Judge.
This is a divorce case. The only issues concern whether the trial court abused its discretion in determining the division of property and the award of alimony.
Amanda Sutton (wife) and Herman B. Sutton (husband) had been married approximately thirty-six years when the wife filed for divorce in 1991, alleging incompatibility of temperament and adultery. The record reveals that both parties had retired and that the wife is disabled. The wife receives monthly disability benefits of approximately $900, plus quarterly dividends on stock. The husband receives approximately $1,000 per month in government retirement benefits and supplements his income by mowing grass. During the course of their marriage, the parties purchased various properties in Pensacola, Florida, where the wife resides, and certain lots in Gulf Shores, Alabama, where the husband resides, as well as certain stocks. Following ore tenus proceedings, the trial court divorced the parties for and on account of incompatibility and it divided the property as follows:
“3. During the long term of marriage the parties have accumulated a marital estate of approximately $258,000.00. The estate consists of some stocks but primarily real estate. The former residence of the parties is located in the state of Florida.... The wife is receiving 100% disability pension and the husband is retired but has some income from a grass cutting business he operates with one of the sons.
“3. [sic] The court awards the wife $10.00 per month as periodic alimony but reserves the jurisdiction to raise that amount in the event that the circumstances of the parties change. In setting the amount of periodic alimony, the court has taken into consideration the wife’s pension, stock dividends and the sums to be paid to the wife by the husband under the terms of this decree relating to the property division.
“4. The wife is awarded all of the right, title and interest in and to the stocks accumulated by the parties during the term of the marriage.
“5. The wife is awarded all of the right, title and interest in and to the former marital residence situated in Pensacola, Florida. The wife shall pay the balance of the approximate debt of $3,000.00 which is secured by a mortgage on the home and hold the husband harmless from the payment of the same.
“6. The wife is awarded all of the furnishings and furniture in the former residence of the parties together with the automobile now in her possession.
“7. The husband is awarded all of the right, title and interest in and to the property situated in Little Lagoon off the Fort Morgan Road, Gulf Shores, Alabama. The husband shall assume and pay all of the indebtedness secured by said property to *819 gether with the $10,000.00 mortgage additionally secured by the stock awarded to the wife.
“8. The husband is ordered to pay to the wife the sum of $40,000.00 which represents the difference in the value of the Florida residence and the corporate stock and the property situated off of the Fort Morgan Road together with the interest at 8% per annum. The husband shall make monthly installments of $882.26 for sixty months. At the end of such period, the total principal balance then due and owing shall become immediately due and payable. The husband shall have the right to prepay the amount ordered to be paid without penalty.
“9. The court hereby impresses a lien on the lots on Little Lagoon off of the Fort Morgan peninsula (Lots 6, 7 and 8, Division I, Gulf Woods Unit of Gulf Shores, as recorded in Map Book 1, Page 144 in the Office of the Judge of Probate of Baldwin County, Alabama). Said hen shall remain in place until the entire property settlement amount together with interest thereon shall have been paid in full. In the event that the husband fails to make any payments secured by the judicial lien, the ■wife shall have the right to petition the court for the foreclosure of such judicial lien.
“10. The husband is awarded all of the items of personal property now in his possession together with any and all items of personal property used in connection with his lawn care business.”
In brief, the wife concedes that the trial court attempted to equally divide the property; however, she contends that the division is inequitable in view of her stated health problems and her current level of income. Therefore, she argues that the trial court erred in failing to provide her with greater periodic alimony and in awarding what she calls an inequitable share of the real estate.
Matters such as alimony and property division rest soundly within the discretion of the trial court and the trial court’s decision will not be reversed unless that discretion was palpably abused. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Those issues “are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues.” Kelley v. Kelley, 579 So.2d 1362, 1363 (Ala. Civ.App.1991). The trial court’s decision, however, is subject to appellate review and revision. Kenchel v. Kenchel, 440 So.2d 567 (Ala.Civ.App.1983).
The record reveals that these parties have been incompatible, have separated, and have lived apart for the past several years. The wife, although unsuccessful, expended considerable time and effort in attempting to prove infidelity. The parties’ two adult sons testified on behalf of their father. It is apparent that they are somewhat estranged from their mother. They expressed doubts regarding her credibility, and one of the sons questioned the level of her disability.
The trial court heard the testimony and observed the witnesses. Though its judgment may not be what this court might have awarded, considering the lump sum alimony ordered it is unlikely that the husband will be able to pay greater periodic alimony unless he liquidates and divests himself of some of the assets awarded him. It is not the function of this court to reweigh the evidence or to substitute its judgment for that of the trial court. James v. James, 582 So.2d 560 (Ala.Civ.App.1991). Viewing the award of alimony in gross, together with the modest amount of periodic alimony and the reservation for future modification, we cannot say that the trial court abused its discretion; therefore, the judgment will not be disturbed. Brothers v. Brothers, 515 So.2d 15 (Ala.Civ.App.1987).
Likewise, the trial court’s property division must be affirmed. The division of property need not be equal, but it must be equitable. Wheelless v. Wheelless, 567 So.2d 386 (Ala.Civ.App.1990). Even if a property division favors one spouse over the other, which this judgment does not, that is not, in and of itself, an abuse of discretion. Jordan *820 v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989). In view of the careful manner in which the trial court attempted to structure and adjust the equities in order to provide the wife with sufficient income and assets, we cannot say that the trial court abused its discretion.
Based upon the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
Each party’s request for attorneys’ fees denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.