This is an appeal from a judgment after remand. For facts pertinent to the original appeal, see Nelson v. Nelson,611 So.2d 1113 (Ala.Civ.App. 1992).
In that appeal we determined that the trial court erred in awarding the wife one-half of the husband's retirement plan. We remanded that portion of the judgment to the trial court for further proceedings. In doing so, we stated the following:
 "[W]e point out to the trial court that this court has previously stated that the fact that one spouse has retirement benefits as an asset can be weighed by the trial court in effecting a just property division or in awarding alimony in gross. Rowe v. Rowe, 601 So.2d 1048 (Ala.Civ.App. 1992). We would further note that, at trial, the husband stated that it would be equitable for the trial court to award the wife one-half of the amount that he had contributed to his retirement plan."
611 So.2d at 1116.
The husband's retirement plan was valued at $93,009. The husband had contributed $46,504 to the plan, and his employer contributed the rest. On remand, the trial court awarded the wife $23,250 in alimony in gross, to be paid in two annual payments of $11,625 each. The husband appeals.
The husband asserts that the trial court's award on remand was made in error. He contends that the award to the wife was based on the value of his retirement plan. He insists that the trial court did "indirectly" that which Kabaci v. Kabaci,373 So.2d 1144 (Ala.Civ.App. 1979), and its progeny prohibit it from doing "directly."
Retirement benefits may not be made the basis of either alimony in gross or a property settlement in a divorce action. Kabaci; Cole v. Cole, 538 So.2d 21 (Ala.Civ.App. 1987). However, such retirement benefits may be considered as an asset of the husband in effecting an equitable property division or in awarding alimony in gross. King v. King,601 So.2d 1025 (Ala.Civ.App. 1992). The husband's retirement plan may not be considered a basis for an award of alimony in gross if the husband's retirement plan is the only resource from which he can satisfy the award. Thompson v. Thompson,532 So.2d 1027 (Ala.Civ.App. 1988). This is because an award of alimony in gross must be payable out of the husband's present estate as it exists at the time of the divorce. Thompson.
In this instance we find that the husband had ample assets, other than his retirement plan, with which to satisfy the award of alimony in gross. We find no error in the *Page 800 
trial court's award. As we view it, the trial court did exactly what this court suggested that it might do.
The husband further asserts that the award of alimony in gross made the prior property division inequitable.
In the original appeal we addressed the equities surrounding the division of property and found the following:
 "While there is voluminous and conflicting evidence as to the marital estate in the record, it is possible to infer that the trial court awarded the wife assets worth approximately $91,000, and that the husband was awarded assets worth approximately $97,000, not including inherited property that the husband was awarded outright. Suffice it to say that we find these respective amounts to be equitable in view of the relevant factors. . . ."
611 So.2d at 1115-16.
Even with the addition of the wife's award after remand, we do not find the division of property to be inequitable. The division of property need not be equal, but only equitable.Hendrix v. Hendrix, 606 So.2d 142 (Ala.Civ.App. 1992). A property division favoring one spouse over the other is not, in and of itself, an abuse of discretion. Hendrix. The division of property is within the sound discretion of the trial court, and its judgment will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853
(Ala.Civ.App. 1986). We find no such abuse here.
The judgment of the trial court is affirmed.
The wife's request for attorney fees on appeal is granted in the amount of $750. Her request that we award additional damages in accordance with Rule 38, A.R.A.P., is denied. The husband's request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.