Following lengthy oral proceedings, the trial court divorced the parties, divided the marital property, awarded the wife periodic alimony and alimony in gross, and ordered the husband to pay the wife's attorney fees. The wife was awarded custody of the parties' minor child, and the husband was ordered to pay child support. The husband appeals. The wife cross-appeals.
The record reflects that the parties were married for approximately 23 years. Two children were born of the marriage. Only one was a minor at the time of the hearing. The wife has a degree in psychology and worked prior to the marriage. She worked the first one and one-half years of the marriage and has not worked since that time. The husband is a certified public accountant and owns his own accounting firm. He also owns Shadowlawn Memorial Park, a cemetery, and other real estate.
The husband asserts that the trial court erred in its division of property and in its award of alimony in gross.
The court awarded the wife the marital residence (net value of $165,000), $50,000 from a money market account, a 1992 Acura automobile ($17,000), and home furnishings and personalty worth approximately $40,000. She was awarded $240,000 as alimony in gross, to be paid in monthly installments of $2,000 for ten years.
The husband was awarded all the stock in his accounting firm. He was also awarded all the stock in Shadowlawn Enterprises, Inc., and in Powell Printing Company. He was awarded the parties' lake house, a boat, and other personalty. The court specifically awarded the husband his profit sharing plan and his deferred compensation plans. *Page 834 
The husband contends that the court erred in considering the future value of his deferred compensation plans in making the awards. The husband's argument is based on mere speculation. There is no basis in the record or in the court's order to support the husband's assertion.
In any event, we have held that funds paid into a retirement plan are an asset of the husband which may be considered by the court in effecting an equitable property division or an award of alimony in gross. Nelson v. Nelson,628 So.2d 798 (Ala.Civ.App. 1993). We find no error in the award to the wife.
We find the division of property to be equitable. The division of property is within the sound discretion of the trial court, and its judgment will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins,498 So.2d 853 (Ala.Civ.App. 1986). We find no such abuse here.
The husband asserts that the award to the wife of $22,500 in attorney fees was excessive. The wife cross-appeals and contends that the award was inadequate.
The granting of an attorney's fee in a divorce action rests within the sound discretion of the trial court. Its judgment as to the amount of the fee will not be reversed on appeal unless it is clearly shown that the discretion has been abused. Howard v. Howard, 422 So.2d 296 (Ala.Civ.App. 1982). The court should consider the earning capacities and the financial circumstances of the parties and the result of the litigation in the award of attorney fees. Chandler v. Chandler,501 So.2d 1234 (Ala.Civ.App. 1987). The court may rely on its own knowledge and experience in determining the value of the attorney's services. Chandler.
The record indicates that the husband has the greater assets and that the result of the litigation was favorable to the wife. The wife presented testimony from an attorney experienced in domestic law. The attorney opined that a reasonable fee would be $30,000. We do not find the attorney's fee award to be an abuse of discretion.
The wife asserts that the court erred in its award of child support. She contends that in applying the child support guidelines as provided by Rule 32, A.R.J.A., the court used the incorrect figure depicting the husband's gross income.
There was a conflict in the evidence concerning the husband's gross monthly income. The wife estimated the husband's gross monthly income to be approximately $13,847. The husband estimated it to be approximately $7,583. The court found the husband's monthly gross income to be $9,625. It applied the guidelines according to that figure.
It was the duty of the court to resolve any conflict in the evidence. Jeffrey v. Jeffrey, 628 So.2d 783 (Ala.Civ.App. 1993). The resolution of the conflict is supported by the record. We find no error.
The wife contends that the court erred in awarding only $1,875 in monthly periodic alimony. She insists that the amount awarded is insufficient to meet her needs.
An award of periodic alimony is a matter within the judicial discretion of the trial court and will not be reversed on appeal except for palpable abuse. Pelanne v.Pelanne, 572 So.2d 484 (Ala.Civ.App. 1990). We find that the award of periodic alimony, coupled with the other awards to the wife, adequately provides for the needs of the wife. We find no abuse of discretion.
The wife asserts that the court erred in the amount of life insurance it required the husband to provide for her benefit.
The court ordered the husband to maintain a $50,000 insurance policy on his life, with the wife as beneficiary. The wife insists that the amount ordered is insufficient to secure her periodic and in gross alimony awards should anything happen to the husband. She contends that the husband should be ordered to carry at a minimum a $300,000 policy.
The wife does not cite us to any authority to buttress her opinion that the husband is obligated to secure her future alimony payments. And we are not familiar *Page 835 
with such a mandated obligation. The order to maintain life insurance was a benevolent gesture by the court and a matter within its discretion. It was not error for it to enter such an order. Furthermore, the wife failed to present any evidence concerning the cost of such a policy. Considering the age and the condition of the husband, the cost of such a policy could be substantial — if the policy were even obtainable. An award of alimony in gross is vested and is a charge against the husband's estate should he die before payment is made in full. Hager v. Hager, 293 Ala. 47,299 So.2d 743 (1974). We find no error.
The wife asserts that the court erred in failing to grant her petition for rule nisi.
A special master held a pendente lite evidentiary hearing prior to the divorce proceedings and ordered the husband to make certain support payments to the wife. The parties did not object to the special master's report. Neither did they seek to have the report confirmed by the trial court as provided by Rule 53, A.R.Civ.P.
The wife filed a petition for rule nisi, alleging that the husband unilaterally reduced the amount of support ordered by the special master. She requested that he be held in contempt of court and that she be awarded arrearage.
In its final order of divorce the court granted the wife's petition and awarded her $2,173.36 in arrearage. The husband questioned the court's grant of the petition in his motion to alter or amend the final judgment. The husband specifically argued that since the report had never been confirmed by the trial court, he could not be held in contempt. In response to the husband's argument, the court deleted that portion of the decree granting the rule nisi petition.
The report was never confirmed by the trial court as provided in Rule 53, A.R.Civ.P. The husband could not be held in contempt for failure to make such payments because he was under no order of the trial court to do so. Ex parte Moreland,465 So.2d 1163 (Ala.Civ.App. 1985).
The judgment of the trial court is affirmed in all respects.
The wife's request for an attorney's fee on appeal is granted in the amount of $2,000.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., recused.