YATES, Judge.
Ann Warren Arnett and Alfred Willis Ar-nett countersued for divorce in the Circuit Court of Shelby County, citing incompatibility and irreconcilable difference as grounds for divorce. After a hearing, a judgment of divorce was granted on November 18, 1992. Following the denial of post-trial motions filed by both parties, both parties appealed to this court.
The husband contends that the trial court erred in awarding the wife one-half of his *77 individual retirement benefits accounts. (IRAs).
The wife seeks review of the trial court’s failure to specifically address, divide, and distribute certain marital assets. Additionally, she claims error by the trial court in its failure to award her requested attorney’s fees.
The facts relevant to this appeal are as follows: the parties married in June 1957 and lived together 33 years. The -wife filed for divorce in February 1992. During the course of this lengthy marriage they raised two children, both now adults, and acquired substantial assets. At the time of the divorce, the husband was 56 years old and the wife was 54 years old.
The husband, after working 33 years for Alabama Power Co., retired in March 1992. At that time, he withdrew his employee retirement benefits and invested in a diversified individual retirement account (IRA) portfolio, made up of various mutual funds. The wife, at the time of the divorce, was a computer programmer at Piggly Wiggly of Alabama Distributing Co. In 1991, the wife’s income was $42,330.99, and the husband’s income was $49,447.76. The facts revealed that the wife has worked during the marriage from the time the youngest child started school.
We first address the husband’s claim that the trial court erred in awarding one-half of his retirement benefits to the wife. This court has held that trial courts can properly make awards from IRAs as alimony in gross or to effect a property settlement in a divorce action. Walters v. Walters, 628 So.2d 720; Jones v. Jones, 596 So.2d 949 (Ala.Civ.App.1992). We find no error on this point.
The wife contends on cross-appeal that the trial court erred in its division of marital assets and in failing to award her attorney’s fees. In Hendrix v. Hendrix, 606 So.2d 142, 143-44 (Ala.Civ.App.1992), this court stated:
“The law is well-settled that matters of alimony and property division are within the sound discretion of the trial court. Where the evidence is presented ore tenus, as here, the judgment of the trial court regarding these matters is presumed to be correct and will not be set aside absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ. App.1986)_
“The division of assets need not be equal, but must be equitable. Wheelless v. Wheelless, 567 So.2d 386 (Ala.Civ.App. 1990). Even if a property division favors one spouse over the other, that is not, in and of itself, an abuse of discretion. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989).
As to the property division, the wife first argues that the trial court erroneously failed to make a specific disposition of certain farm equipment. We disagree. The record reveals that at the time the parties separated, the wife left the marital residence, the farm. The husband continued to live on the farm. The trial court, in effecting a property settlement, ordered:
“THIRD: That the residence of the parties referred to as ‘The Farm’ will be sold and the proceeds of said sale shall be divided equally between the parties.
“NINTH: That each party shall retain all other personal property which is currently in their possession except that the defendant is to receive and retain his military discharge records, one-half (½) of all family pictures, and the quilt made by the defendant and his mother.” (Emphasis added.)
We believe that the trial court disposed of the farm equipment under the ninth paragraph of its order. •
Second, the wife argues that it was inequitable for the trial court to fail to award her one-half (⅜) of approximately $15,000 remaining in an account with Southtrust Bank. After a complete review of the property distribution in this case, we cannot say that the trial court abused its discretion in failing to award the wife one-half of the Southtrust account.
Third, the wife contends that the trial court committed error in not awarding her a 1989 Buiek Riviera. The record reveals that *78 the ear was given to the wife as an anniversary gift, but it was titled in the husband’s name. The wife’s testimony regarding the ear was as follows:
“Q. Do you own an automobile?
“A. I’m buying one.
“Q. When did you purchase that car?
“A. September 2nd.
“Q. And that was this year?
“A. Yes, it was.
“Q. What was the occasion for your buying a car at that particular time?
“A. The car that I was driving was in his name. And I had spent about five hundred and fifteen dollars for repairs on it. And I just felt like I couldn’t drive a car that had ninety thousand miles on it and be safe on the highway.
“Q. Did you return it?
“A. I returned the car to him, yes, I did.
“Q. What kind of car did you purchase?
“A. I bought an Oldsmobile Achieva.
“Q. Is it in your separate name?
“A. Yes, it is.”
Based on the above testimony, along with other testimony considered by the trial court, we find no abuse of discretion as to the 1989 Buick Riviera.
The wife’s final argument is that the trial court erred in failing to award her attorney’s fees. “It is within the trial court’s discretion to award attorney’s fees in a divorce case and its decision on the matter will not be reversed absent ' an abuse of discretion.” Chambliss v. Chambliss, 587 So.2d 406, 409 (Ala.Civ.App.1991). The record shows no abuse here; thus, the trial court’s judgment is due to be affirmed.
Both parties’ request for attorney’s fees on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.