656 So.2d 875 (1995)
Rebecca L. JACKSON
v.
Anthony E. JACKSON.
AV93000620.
Court of Civil Appeals of Alabama.
March 3, 1995.
*876 Debra J. Smith, Enterprise, for appellant.
Anthony R. Livingston, Daleville, for appellee.
YATES, Judge.
In April 1994, the trial court divorced the parties after a 12-year marriage, awarding to the wife custody of the parties' 2 minor children and making certain property divisions. On May 11, 1994, the trial court, ex mero motu, amended its judgment, finding "that under the circumstances, retirement income of the [husband] will not be considered for division as a property settlement or for alimony since the [husband's] right to retirement has not yet vested and the [husband] has only the possibility of future retirement income since he has not yet retired." The wife appeals, contending that the trial court abused its discretion in refusing to consider the husband's future military retirement for purposes of alimony and property division.
The husband testified that he was in the United States Army and that he had been in the military for 18 years and 2 months. He also testified that he had less than two years remaining to serve before he would be eligible to retire and to receive military retirement benefits.
The law is well settled that a trial court's discretionary ruling concerning property division in a divorce will not be disturbed on appeal except for a palpable abuse of discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Further, the division of property is not required to be equal, but it must be equitable in light of the evidence, considering the proper factors. Id. What is equitable is a discretionary determination by the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). In determining its awards, the trial court may consider many factors, including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). In addition, it is well settled that the element of fault can be considered as a factor in property division. Linden v. Linden, 516 So.2d 675 (Ala.Civ. App.1987). This is the case even when the divorce was not granted on the basis of fault. Mangina v. Mangina, 585 So.2d 1383 (Ala. Civ.App.1991).
Our Supreme Court in Ex parte Vaughn, 634 So.2d 533 (Ala.1993), changed the law governing the treatment of military retirement benefits in Alabama by holding that "disposable military retirement benefits ... accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parte Vaughn, at 536. Vaughn, however, did not address whether the retirement *877 benefits must be vested or matured before they can be considered a marital asset subject to division as marital property. For the reasons set out below, we conclude that Ex parte Vaughn logically extends to include retirement benefits that have not yet vested. For courts to consider only those benefits that have vested could allow an abuse of our system by spouses who strategically plan a divorce before their benefits vest in order to shield them from a property division. This is especially true in cases where one spouse helped significantly to further the other's military career and the benefits represent the parties' greatest economic asset.
A survey of the jurisdictions that have addressed the issue present two different views. Some courts have held that pension rights are not divisible unless vested. See, e.g., Hiscox v. Hiscox, 179 Ind.App. 378, 385 N.E.2d 1166 (1979); and George v. George, 115 N.C.App. 387, 444 S.E.2d 449 (1994).
We believe the better view, however, is that military nondisability retirement pay, whether or not vested, constitutes a marital asset subject to division upon the dissolution of the marriage. See, e.g., In re Marriage of Harrison, 13 Kan.App.2d 313, 769 P.2d 678 (1989); Cearley v. Cearley, 544 S.W.2d 661 (Tex.1976); Poe v. Poe, 711 S.W.2d 849 (Ky. App.1986); LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (S.Ct.N.M.1969); Miser v. Miser, 475 S.W.2d 597 (Tex.Civ.App.1971); Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App. 1968); and In re Marriage of Brown, 15 Cal.3d 838, 544 P.2d 561, 126 Cal.Rptr. 633 (1976).
We believe that a benefit right, whether or not it is vested, constitutes an asset that should be shared and, therefore is subject to division upon divorce. The Court of Civil Appeals of Texas held in Mora, supra, that retirement benefits were not gratuities, but earned property rights. There, the husband had not retired from military service, but had completed over 25 years of service with over 14 of those years being served during the marriage. The court held that the husband obtained a property right, even though the vested benefits were not payable at the time of the divorce and might never be received if the husband was dishonorably discharged or died before his actual retirement. The court pointed out that the possibility of forfeiture did not reduce the benefits to a mere expectancy, but instead made them subject to division as property.
Further, in LeClert, supra, the Supreme Court of New Mexico approved the award of an interest in military retirement benefits of the husband as community property. There, as here, the retirement payments were contingent on the husband's completion of service, and his right to them would not vest until after the termination of the marriage. Likewise, in Miser, supra, the Texas Court of Civil Appeals upheld a division of retirement pay where the husband had served approximately 18 and one-half years in the military at the time of the divorce. The court held that if the husband served at least 20 years, the retirement benefit that accumulated during the marriage would be community property.
We hold that one's right to retirement benefits is a contractual right, subject to a contingency, and is a form of property. A contrary holding would produce inequitable results. This was recognized by the California Supreme Court in In re Marriage of Brown, supra, 15 Cal.3d at 847, 544 P.2d at 566, 126 Cal.Rptr. at 638:
"Over the past decades, pension benefits have become an increasingly significant part of the consideration earned by the employee for his services. As the date of vesting and retirement approaches, the value of the pension right grows until it often represents the most important asset of the marital community. A division of community property which awards one spouse the entire value of this asset, without any offsetting award to the other spouse, does not represent [an] equal division of community property...."
(Citations omitted.)
Further, retirement benefits can be mathematically ascertained. Courts have developed formulas for valuation of nonvested military retirement pay, for example, awarding ownership based on the number of months the marriage lasted, divided by the total number of months of military service that *878 can be counted toward retirement. See Carranza v. Carranza, 765 S.W.2d 32 (Ky.App. 1989). Another formula sets an amount to be paid in monthly installments, based on the number of years of the marriage, divided by the number of years in military service, times one-half the retirement pay when retirement occurs. See Bullock v. Bullock, 354 N.W.2d 904 (N.D.1984). Using this latter formula, a court can award each spouse an appropriate portion of each retirement payment as it is paid, without computing the present value of the retirement and with each person equally dividing the risk if the pension fails to vest.
Although the equitable distribution of marital assets is a matter left to the discretion of the trial court, the court should consider potential nondisability retirement pay a marital asset for the purpose of equitably distributing marital property in cases where a military career and earning ability were enhanced during the course of a marriage. This opinion should not be read to require distribution of military retirement pay in this instance. However, we reverse the judgment of the trial court and remand the case for the trial court to consider the husband's retirement benefit in its division of the marital property. The husband's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
THIGPEN, J., concurs in the result.
ROBERTSON, P.J., and MONROE, J., dissent.
THIGPEN, Judge, concurring in the result.
The trial court's order states that it did not consider the husband's future retirement benefits "since ... [it] has not yet vested and... he has not yet retired." I know of nothing in the law prohibiting a trial court from considering the husband's future military retirement benefits in effecting its property awards. Even before our Supreme Court, in Ex parte Vaughn, 634 So.2d 533 (Ala.1993), removed the prohibition regarding the division of disposable military retirement benefits, the position of this court was that retirement benefits could be considered as an asset (usually of the husband) by the trial court in accomplishing its division; i.e., while those benefits could not be the basis of a division, clearly, the fact that they existed as an asset for one of the parties could be considered in effecting a property award. See, for example, Nelson v. Nelson, 628 So.2d 798 (Ala.Civ.App.1993); Nelson v. Nelson, 611 So.2d 1113 (Ala.Civ.App.1992); Rowe v. Rowe, 601 So.2d 1048 (Ala.Civ.App. 1992); and King v. King, 601 So.2d 1025 (Ala.Civ.App.1992).
Furthermore, it is noteworthy to me that this court has affirmed a trial court's property award to a wife where the trial court may have considered the future value of the husband's deferred compensation plans, which were awarded to him. Powell v. Powell, 628 So.2d 832 (Ala.Civ.App.1993). There, this court explained that, although nothing in the record clearly indicated that the trial court considered the potential benefits, even if it did, the retirement plan, as an asset of the husband, "may be considered by the court in effecting an equitable property division or an award of alimony in gross." Powell at 834.
In his brief, the husband concedes that the trial court "had the power to reach [the husband's] military retirement as a divisible marital asset" even though he had not yet retired. It is apparently the husband's position that the trial court, in its discretion, simply chose not to consider his potential retirement benefits. The trial court's order, however, clearly stated that it would not consider the husband's future benefits, since he was not yet retired.
Our Supreme Court has unequivocally recognized disposable military retirement benefits as defined by 10 U.S.C. 1408(a)(4) accumulated during the course of a marriage as divisible marital property. Vaughn, supra. Nevertheless, its division, if any, remains subject to the sound discretion of the trial judge. Vaughn did not address the division or consideration of potential future retirement benefits. It appears to me that the lead opinion instructs that the trial court should consider the husbands potential retirement pay as a marital asset. I believe *879 that the husband's retirement plan, as other retirement plans, may be considered by the trial court as an asset of the husband, not as divisible marital property, in effecting an equitable property division. See Powell, supra. See also Nelson, supra. Therefore, I would remand the cause to allow the trial court to exercise its discretion in determining whether to consider the husband's retirement plan as his asset in effectuating an equitable award of property and alimony between these parties.
ROBERTSON, Presiding Judge, dissenting.
The Alabama Supreme Court, in overruling the long-standing law of this state as expressed in Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979), stated: "After carefully considering the federal and state authorities... this Court is persuaded to change the law of this state governing the treatment of military retirement benefits. We hold that disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parte Vaughn, 634 So.2d 533, 536 (Ala.1993) (emphasis added). 10 U.S.C. § 1408(a)(4) defines disposable military retirement benefits as "the total monthly retired ... pay to which a member is entitled...."
In this case, the husband is not entitled to receive any monthly retirement pay. Until the husband has served at least 20 years, he has no vested right in, or entitlement to receive, disposable military retirement benefits. "He is employed by the United States; so Congress could at any time change his retirement plan or abolish it." Durham v. Durham, 289 Ark. 3, 708 S.W.2d 618, 619 (1986).
"The decisions of the [Alabama Supreme Court] shall govern the holdings and decisions of [this court]." § 12-3-16, Ala.Code 1975. The above opinion attempts to expand and enlarge the rule of law set out in Ex parte Vaughn, supra, contrary to § 12-3-16; therefore, I respectfully dissent.
MONROE, Judge, dissenting.
I would affirm the judgment of the trial court; therefore, I respectfully dissent.
The majority extends the holding of Ex parte Vaughn, 634 So.2d 533 (Ala.1993), to include in the division of marital property military retirement benefits that have not yet vested. I agree that the military member's spouse is often entitled to a share of the retirement benefits accumulated during the marriage; however, until there is a vested right in those benefits, there is no property to be divided. When dividing the marital property of active duty military members, trial courts should not include retirement benefits that are not yet vested. The better practice would be to allow the trial court to reserve jurisdiction to modify the property division either upon the military member's retirement or upon the member's reaching 20 years in the military, at which time the retirement benefits are vested.
Further, I believe reversing the trial court's judgment in this case encroaches on the ore tenus rule. Military retirement benefits "accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parte Vaughn, 634 So.2d at 536 (emphasis added). The trial court is not required to divide military retirement benefits. In deciding whether or how to divide those benefits, the element of fault should be considered, just as it is in the division of all marital property. Linden v. Linden, 516 So.2d 675 (Ala.Civ.App.1987). Fault can be considered even when the divorce is not granted on the basis of fault. Mangina v. Mangina, 585 So.2d 1383 (Ala.Civ.App.1991).
Matters such as the division of marital property in a divorce action are committed to the sound discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Further, the trial court's decision, following the presentation of ore tenus evidence, is presumed correct, and this court will not reverse that decision absent a showing of an abuse of discretion. Id. While a property division need not be equal, it must be equitable. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985). The trial court *880 heard the testimony and saw the witnesses in this case. After reviewing the record, I believe that the trial court did not abuse its discretion in not dividing the husband's military retirement benefits between the husband and wife.
For the foregoing reasons, I would affirm the judgment of the trial court.