The trial court's order states that it did notconsider the husband's future retirement benefits "since . . . [it] has not yet vested and . . . he has not yet retired." I know of nothing in the law prohibiting a trial court fromconsidering the husband's future military retirement benefits in effecting its property awards. Even before our Supreme Court, in Ex parte Vaughn, 634 So.2d 533 (Ala. 1993), removed the prohibition regarding the division of disposable military retirement benefits, the position of this court was that retirement benefits could be considered as an asset (usually of the husband) by the trial court in accomplishing its division; i.e., while those benefits could not be the basis of a division, clearly, the fact that they existed as an asset for one of the parties could be considered in effecting a property award. See, for example, Nelson v. Nelson, 628 So.2d 798
(Ala.Civ.App. 1993); Nelson v. Nelson, 611 So.2d 1113
(Ala.Civ.App. 1992); Rowe v. Rowe, 601 So.2d 1048 (Ala.Civ.App. 1992); and King v. King, 601 So.2d 1025 (Ala.Civ.App. 1992).
Furthermore, it is noteworthy to me that this court has affirmed a trial court's property award to a wife where the trial court may have considered the future value of the husband's deferred compensation plans, which were awarded to him. Powell v. Powell, 628 So.2d 832 (Ala.Civ.App. 1993). There, this court explained that, although nothing in the record clearly indicated that the trial court considered the potential benefits, even if it did, the retirement plan, as an asset of the husband, "may be considered by the court in effecting an equitable property division or an award of alimony in gross." Powell at 834.
In his brief, the husband concedes that the trial court "had the power to reach [the husband's] military retirement as a divisible marital asset" even though he had not yet retired. It is apparently the husband's position that the trial court, in its discretion, simply chose not to consider his potential retirement benefits. The trial court's order, however, clearly stated that it would not consider the husband's future benefits, since he was not yet retired.
Our Supreme Court has unequivocally recognized disposable military retirement benefits as defined by 10 U.S.C. § 1408(a)(4) accumulated during the course of a marriage as divisible marital property. Vaughn, supra. Nevertheless, its division, if any, remains subject to the sound discretion of the trial judge. Vaughn did not address the division or consideration of potential future retirement benefits. It appears to me that the lead opinion instructs that the trial court should consider the husbands potential retirement pay as a marital asset. I believe *Page 879 
that the husband's retirement plan, as other retirement plans, may be considered by the trial court as an asset of the husband, not as divisible marital property, in effecting an equitable property division. See Powell, supra. See alsoNelson, supra. Therefore, I would remand the cause to allow the trial court to exercise its discretion in determining whether to consider the husband's retirement plan as his asset in effectuating an equitable award of property and alimony between these parties.