ROBERTSON, Presiding Judge.
This is the second time that these parties, James L. Hendrix and Kathryn Mitchell Je-lusich, have been before this court. See Hendrix v. Hendrix, 606 So.2d 142 (Ala.Civ.App.1992).
In 1986, while the parties were married, the husband, James L. Hendrix, retired from the United States Civil Service. Upon his retirement, he qualified for Civil Service retirement benefits under 5 U.S.C. § 8831, et seq. The provisions of 5 U.S.C. § 8331, et seq., provide that an employee who retires from the Civil Service is entitled to an annuity. However, under 5 U.S.C. § 8342, an employee or member of the Civil Service who meets certain conditions and files an application with the Office of Personnel Management is entitled to a lump sum credit in lieu of an annuity. 6 U.S.C. § 8342(a); see also Miller v. Office of Personnel Management, MSPB, 1990, 45 M.S.P.R. 122. A lump sum credit is a lump sum payment equal to the amount the retiring employee or member contributed plus the applicable interest. 5 U.S.C. § 8331.
When he retired in 1986, the husband did not apply for a lump sum payment under 5 U.S.C. § 8342, instead, he entered into an annuity agreement which gave him a monthly annuity and a survivor annuity for his spouse. If the husband had decided not to receive an annuity, he could have received a lump sum payment of $110,413.74. However, the husband did not file to receive a lump sum payment when he retired in 1986, and his receipt of the annuity payments terminated his option to receive a lump sum payment. See Alternative Forms of Annuities, 5 C.F.R. § 831.2203(e) (1987).
In 1991, after having been married for over forty years, the wife, Kathryn Mitchell Jelusich, filed for divorce in the Jackson County Circuit Court. During the divorce proceedings, the husband informed the trial court that he received a $2500 monthly annuity payment from the Civil Service; however, he did not reveal that he had had an option to elect a lump sum payment instead of the annuity when he retired in 1986. The receipt of this $2500 monthly retirement income was noted by this court in Hendrix.
The resulting divorce judgment awarded the wife approximately $140,000 in real and personal property; alimony in gross of $130,-000, to be paid in 60 monthly payments of $700 plus a lump sum payment of $88,000 due on April 1,1996; and periodic alimony of $500 per month. The trial court also ordered the husband to pay some of the wife’s debts and the costs of the divorce. See Hendrix. On appeal, this court affirmed the judgment of the trial court, holding that there was no abuse of discretion in the distribution of the marital assets. Id.
On April 29, 1994, the wife filed a complaint in the DeKalb County Circuit Court attacking the divorce judgment. The complaint specifically alleged that the husband had committed fraud by failing to inform the court that he had elected to receive an annuity rather than a lump sum payment when he retired from the Civil Service in 1986. The wife sought, among other things, to modify the division of property under a judgment that had been final since 1991.
At the conclusion of an ore tenus proceeding, the trial court ruled in favor of the wife, stating that the husband’s opportunity to receive a lump sum payment from the Civil Service “[was an asset] that should have been disclosed for the Court to consider” during the divorce proceedings. The trial court subsequently entered a judgment, awarding the wife $55,000.
The husband appeals, raising two issues: (1) whether his failure to inform the court of his option to file for a lump sum payment from the Civil Service constituted fraud, and (2) whether the doctrine of res judicata barred the trial court from litigating the case. Because we find no fraud in this case, we do not address the issue of res judicata.
Normally, a trial court’s judgment is accorded great weight where that court hears evidence ore tenus. Copeland v. Richardson, 551 So.2d 353 (Ala.1989); Cale v. City of Bessemer, 393 So.2d 959 (Ala.1980). However, as in this ease, when a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those *1064 undisputed facts. Home Indemnity Co. v. Reed Equipment Co., 381 So.2d 45 (Ala.1980). Furthermore, where the trial court sits without a jury and hears evidence in the form of stipulations, briefs, and writings of the parties, then an appellate court will sit in judgment on the evidence. Hacker v. Carlisle, 388 So.2d 947 (Ala.1980). See also, Ex parte British Steel Corp., 426 So.2d 409 (Ala.1982).
The alleged fraud in this case is that the husband fraudulently suppressed the fact of his opportunity to receive a lump sum payment. To prove fraudulent suppression, a plaintiff must show (1) a duty to disclose the facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act, and (4) action by the plaintiff to his injury. Wilson v. Brown, 496 So.2d 756 (Ala.1986).
In this ease, it is apparent that the husband, at the time of the original divorce proceeding in 1991, did not have an option to receive a lump sum payment. His election to receive the annuity when he retired in 1986 ended any chance of receiving a lump sum payment. Thus, the opportunity to receive a lump sum payment was not an asset of the husband at the time of the divorce. The fact that the husband once had an option to receive a lump sum payment five years before the divorce action was not material to the trial court’s judgment in that action. It follows that the husband’s failure to volunteer that he had once had the lump sum option cannot be fraud under the facts before the court.
Because the fact of a long terminated option was not material to the original judgment of divorce, failure to reveal that fact offers no legal basis to support the trial court’s finding of fraud. Accordingly, the trial court’s judgment is due to be reversed and the cause remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.