352 So.2d 834 (1977)
John P. KOHN, Jr.
v.
BIRMINGHAM REALTY CO., a Corp., et al.
SC 2256.
Supreme Court of Alabama.
September 23, 1977.
As Corrected On Denial of Rehearing December 16, 1977.
James L. Shores, Jr., Birmingham, Truman Hobbs, Montgomery, for appellant.
William Bew White, Jr., Hobart A. McWhorter, Jr., Carolyn Burgess Featheringill, Birmingham, for appellees.
FAULKNER, Justice.
This is an appeal from a final decree declaring that defendants had not breached any fiduciary duty or violated any corporate laws in redeeming corporate stock. We affirm.
*835 On August 27, 1976, John P. Kohn, Jr., a minority shareholder in the Birmingham Realty Co., filed suit in the Circuit Court of Jefferson County against the Company and the members of its Board of Directors, seeking the following: (1) to compel the Company to declare and pay a dividend; (2) to enjoin the Company from holding a special meeting of the Company's shareholders on September 16 to authorize the Company to redeem 4,000 shares of common stock at $2,400 a share, or to enjoin the Company from including the shares owned by the directors as being voted in favor of mortgaging real property valued at $11,700,000 to secure the payment of a $7,800,000 loan to be used to purchase the shares; and (3) to enjoin the directors from voting their shares at the special meeting.
On September 13, the trial court dismissed the action with prejudice on a finding that the shareholder failed to state a claim upon which relief could be granted.
On September 16, the special meeting was held as scheduled and the Company, by an 87% vote, was authorized to, and did, buy 4,000 shares at $2,400 a share.
On October 12, the shareholder filed a motion to amend and supplement the findings of fact and conclusions of law of the court pursuant to Rule 52(b) of the Alabama Rules of Civil Procedure and a motion for new trial under Rule 59 of the Alabama Rules of Civil Procedure. The new trial motion was denied, and on November 9, an amended decree was issued. In this decree, the court set out at length its findings of fact and conclusions of law, including findings that the defendants had not breached a fiduciary duty, that they had not violated any corporate laws, and that the proposal was for a legitimate purpose. As in the original judgment, the court dismissed the shareholder's complaint with prejudice and taxed the costs of the action to the shareholder.
The shareholder gave notice of appeal on December 13. In response, the Company and its directors filed a motion to dismiss the appeal as moot and as not being taken from a final judgment. By order of this court, the motion to dismiss was submitted at the time of the submission on the merits.
The appellant-shareholder contends that the amended judgment is a declaratory judgment pursuant to the defendants' requested relief, and that it is this final judgment, i.e., the declaratory judgment, from which he appeals rather than the dismissal of his complaint.
We affirm the judgment of the trial court on the merits, and therefore, pretermit any discussion of the dismissal of the appeal.

I.
Tit. 10, § 21(57) Code of Alabama provides:
"A corporation shall have the right to purchase, take, receive or otherwise acquire, hold, own, pledge, transfer or otherwise dispose of its own shares, but purchases of its own shares, whether direct or indirect, shall be made only to the extent of earned surplus available therefor, and if the certificate of incorporation so permits or with the affirmative vote of the holders of at least two-thirds of all shares entitled to vote thereon, to the extent of capital surplus available therefor, and subject to the following additional limitations:
"(a) No purchase of its own shares shall be made at a time when the corporation is insolvent or when such purchase would render the corporation insolvent.
"(b) To the extent that earned surplus or capital surplus is used as the measure of the corporation's right to purchase its own shares, such surplus shall be restricted so long as such shares are held as treasury shares, and upon the disposition or cancellation of any such shares the restriction shall be removed pro tanto."
Thus, it can be seen that an Alabama Corporation can purchase its own shares conditioned only on whether the purchase is made out of earned surplus, and whether the purchase renders the corporation insolvent. Neither of those conditions was violated in this case, as the Company's balance *836 sheet plainly reveals. This statute does not require a business purpose.

II.
The facts of this case are in dispute, and therefore, the ore tenus rule applies. The trial court found "no evidence to support the claim of breach of fiduciary duty" on the part of the directors or majority stockholders. Capital stock is personal property, and the majority stockholders (as well as the minority) could vote their shares in this case in any manner that they desired.
Here, the incorporation certificate requires a two-thirds majority to vote the stock redemption. These stockholders did not own sufficient stock to redeem the stock. Therefore, they did not owe any fiduciary relationship to the minority stockholders. Counting the directors' stock, the tender offer still passed by more than the required two-thirds majority.
The directors and a majority of stockholders have acted in good faith; they have not concocted some evil scheme to defraud the minority stockholders, and they have been open and aboveboard in redeeming the stock. The minority stockholders had the right to participate in the redemption; they had notice; they knew the terms; they could vote their shares. And, they knew nothing was illegal about the loan for the redemption. The loan of $7.8 million (secured by corporate assets) to be paid to stockholders surrendering their shares was in compliance with § 21(61), Tit. 10, Code of Alabama.

III.
Directors of a corporation have authority to declare a dividend out of the corporate earnings. The courts will not interfere with this management function unless there has been fraud, abuse of discretion, or misappropriation of corporation funds. See Wolfe v. Underwood, 96 Ala. 329, 11 So. 344 (1891). In the instant case, most of the earned income from which a dividend could have been paid was spent in redeeming the stock. And, we have already said that there was no fraud or illegalities connected with the redemption.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON, and EMBRY, JJ., concur.
MADDOX and BEATTY, JJ., concur specially.
JONES, J., dissents.
SHORES, J., recuses herself.
MADDOX, Justice (concurring specially).
I concur in the result only. This was a declaratory judgment action and I do not necessarily believe that the judgment entered by the trial court is dispositive of all the possible triable issues which could, or may later, be raised between these parties.
BEATTY, J., concurs.

On Rehearing.
FAULKNER, Justice.
Opinion corrected. Application for rehearing overruled.
TORBERT, C. J., and BLOODWORTH, MADDOX, ALMON, EMBRY and BEATTY, JJ., concur.