These are joint appeals from orders dismissing a petition for affirmative relief, a motion for interim fees, and approving a partial accounting and settlement of the Ingalls Trust. The appeals are dismissed.
First Alabama Bank as a trustee, filed a petition for partial settlement of several of the Ingalls Trusts indicating a nearly complete disbursal of all cash, principal and income, coming into the trusts during the accounting period — September 11, 1962 to September 30, 1976 — to the two primary beneficiaries Elesabeth Ingalls Gillet and Barbara Ingalls Shook. They received $7,335,762.67 during the period of the partial settlement and $3,296,270.26 from September 30, 1976 to December 31, 1978.
Appellant Samuel Marks Boykin, III, son of Elesabeth Gillet, and a contingent beneficiary of the trusts, never filed any response to the petition for a settlement and accounting, and presented no evidence, cross-examined no bank witnesses, and in no way challenged the accounting presented by the trustees at the hearing held on April 17, 1979. Appellant Wayne Wheeler, as guardian ad litem for the unborn descendants of Robert Ingalls, Sr., did not consent to the accounting but did not raise any substantial objection to the accounting from a mathematical standpoint. He did object in his prayer for affirmative relief to certain discretionary payments to the beneficiaries under Trusts "E" and "F" which were included in the accounting. He alleged breaches of fiduciary duty by making payments to an unnamed beneficiary alleged to be a habitual user, to excess, of alcohol, and whose condition was known to the Trustees or should have been known, as well as by making payments to both of the beneficiaries who had wastefully dissipated the funds paid to them. He further contended that there was a breach of fiduciary duty by the Trustees in the setting of a dividend policy which was harmful to the worth of Ingalls Iron Works Company and its stock. In connection with his prayer, Wheeler filed a motion for the award of interim fees and expenses to himself as guardian ad litem, asserting he would be severely hampered in his presentation of the alleged breaches of fiduciary duty if he could not afford the substantial discovery necessary to establish the breaches.
On April 17, 1979, Mrs. Shook, in response to Wheeler's pleadings, filed a motion to dismiss, and a motion pursuant to ARCP 11, alleging that Wheeler's pleadings contained false allegations interposed merely for delay, and that the allegation charging her or Mrs. Gillet to be a habitual user of alcohol was due to be stricken as false and a sham. At the hearing on April 17, a senior trust officer of the bank testified regarding the accounting and Wheeler's attorney was called to testify regarding the Rule 11 motion. This examination was stopped and depositions were set up. The various attorneys to be deposed filed motions for protective orders. None of the depositions was taken.
Subsequent to these proceedings, Wheeler contends he learned that the trial judge intended to rule as a matter of law the trustees had unfettered discretion to make disbursements from the trusts, and that there was no breach of fiduciary duty. Wheeler prepared an order to that effect. The order also expunged from the record the Rule 11 motions of Mrs. Shook, and Mrs. Gillet, and had the taking of Wheeler's deposition enjoined.
On April 23, there was a hearing regarding the order prepared by Wheeler. On that date, the trial judge indicated that the proposed order had been disseminated to the parties, and that there was no objection to it. Wheeler and the attorneys for Boykin III entering no objection to the order, the trial court approved, and entered it. Wheeler's prayer for affirmative relief and motion for fees were denied. The accounting *Page 12 
order was entered on April 24 without objection. Boykin III and Wheeler appealed. The Bank, Mrs. Shook, and Mrs. Gillet filed a motion to dismiss or strike the appeal.
We are asked to deny the motion to dismiss the appeal, to hold that the trial court erred in dismissing the guardian's prayer for affirmative relief on the ground that the trustees had broad discretion to make distribution of trust assets, and erred in denying his motion for an award of partial fees and expenses.
Although formal exceptions to adverse rulings and to objectionable orders by the trial court are no longer required under our procedural rules, ARCP 46 provides:
 ". . . for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor."
If no objection was made at trial, the party who now attempts to oppose the trial court's ruling or order has nothing about which he may complain on appeal. Alabama Power Co. v. Taylor,293 Ala. 484, 306 So.2d 236 (1975); Hollingsworth v. Wright,369 So.2d 18 (Ala.Civ.App. 1979); Brothers v. Brothers,351 So.2d 924 (Ala.Civ.App. 1977).
Attorneys for Boykin III never filed any response to the petition for a settlement and accounting, did not join in the guardian's prayer for affirmative relief which asserted that the trustees had made improper distribution from the trusts' assets, and presented no evidence nor cross-examined any bank witnesses at the April 17 hearing. They in no way challenged the accounting presented at that hearing and did not object to either the April 23 (amended order of April 20) or April 24 orders entered by the trial judge. Thus, they have no basis for an appeal.
Wheeler, the guardian, raised no objection to the accounting from a mathematical standpoint. While he filed a prayer for affirmative relief as a part of the accounting proceeding asserting that the trustees breached their fiduciary duty by making certain distributions, he drew up the April 23 order (the amended order of April 20) signed by the trial judge dismissing his prayer for affirmative relief as follows:
 THE COURT: The main matter for consideration this morning — these other matters are properly brought to the attention of the Court and discussed. But the main matter is that of a proposed order which has been filed with the Court by the Guardian Ad Litem
for the unborn children and based on a petition, special petition, brought by that Guardian Ad Litem.
And the Court intends to sign that order. It has been disseminated among counsel and there is no objection to it.
 (Form of Order executed by the Court and dated April 20, 1979). [Emphasis added.]
Wheeler also did not object to the entry of the accounting order on April 24. Thus, we also determine that Wheeler has no basis for an appeal, having drawn up an order contrary to his interest and neither objecting to its entry nor the entry of the accounting order.
We further note that use of the prayer for affirmative relief as an attempt to challenge the dividend policy of the Ingalls Iron Works Company was not the correct vehicle. Initially, this court has stated that it will not interfere with a corporation's dividend policy, a management function of the directors, unless there has been fraud, abuse of discretion, or misappropriation of corporation funds, none of which was established here. Kohn v. Birmingham Realty Co., 352 So.2d 834
(Ala. 1977). The proper way to have challenged the dividend policy was through a shareholder's derivative suit pursuant to ARCP 23.1; however, Wheeler had no standing to bring such a suit as the representative of contingent beneficiaries who did not have an interest that could have been injured by the exercise of the directors' judgment. Cf. *Page 13 Hoglan v. Moore, 219 Ala. 497, 122 So. 824 (1929).
The appeals are DISMISSED.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.