L. CHARLES WRIGHT, Retired Appellate Judge.
This is a divorce case.
The parties were first married in 1954, and were first divorced in 1966. The parties were remarried in 1967. The husband filed for divorce in 1986, alleging incompatibility of temperament and irretrievable breakdown of the marriage.
After a hearing the trial court issued a final judgment granting a divorce and dividing the marital property.
The motion of the wife for a new trial was denied. The wife appeals, contending that the award made to her in the judgment was inadequate in light of the totality of the circumstances. She presents two issues on appeal.
In her first issue, the wife contends that the Alabama courts should declare that military retirement benefits constitute marital property and are subject to being divided by the trial court in a property settlement and/or award of alimony in gross. She argues that since the courts are authorized to divide military retirement- benefits in accordance with state law under the Uniformed Services Former Spouses’ Protection Act Alabama should reconsider its position on military retirement benefits.
This court has previously written that military retirement benefits are not considered as marital property and cannot be divided by the trial court as part of a property settlement and/or an award of alimony in gross. Broadus v. Broadus, 470 So.2d 1239 (Ala.Civ.App.1985); Tinsley *141 v. Tinsley, 431 So.2d 1304 (Ala.Civ.App. 1983). However, military retirement benefits may be considered as a source of income from which to pay periodic alimony. Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ. App.1981).
The wife cites several out-of-state cases which hold that military retirement benefits can be considered as marital property. However the wife cites no Alabama cases or statutes which stand for this proposition, nor does she cite any compelling reason for the Alabama courts to change their position regarding military retirement benefits.
In her second issue, the wife argues that the trial court abused its discretion when it failed to award periodic alimony to the wife. The evidence presented at the hearing indicates that the wife has been diagnosed as having an extremely rare disease called progressive supranuclear palsy which can result in loss of eye movement, loss of mental capabilities, unsteady gait, and poor muscle coordination. The evidence at the hearing also indicates that the wife, who gave up a career in the military to accompany the husband on his military assignments all over the United States, has worked virtually throughout the marriage. The wife contends that, based upon the totality of the circumstances, she should have been awarded periodic alimony.
It is within the sound discretion of the trial court to divide the marital property and set the amount of alimony. A divorce decree rendered by the trial court after having conducted a hearing is presumed correct and will not be reversed unless it is unsupported by the evidence or there is a palpable abuse of discretion. Tate v. Tate, 477 So.2d 426 (Ala.Civ.App.1985).
In this case, the wife is currently employed at the Veterans Administration Hospital, at an annual gross salary of $18,-700. The evidence indicates that the wife has nineteen years service in the federal government as a GS-3 and is entitled to retirement benefits. Under the divorce decree, she was awarded the marital home, which has a value of $45,000, with no liens or encumbrances thereon, a 1984 Cadillac Cimmaron automobile which is fully paid for, and bonds and other cash awards total-ling $54,500. The trial court recognized in its decree that the wife’s condition could change at any time, so the trial court reserved its jurisdiction over the question of periodic alimony in the event that it should become necessary to make such an award in the future.
In view of the evidence, we find the trial court did not abuse its discretion in denying the wife periodic alimony at the present time. If the wife’s condition should change, she can petition the trial court to exercise its jurisdiction and determine whether an award of periodic alimony would be appropriate at that time.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.