L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in December 1990. The judgment of divorce contained the following pertinent provision:
“Real Property Division: That the real property of the parties hereinbelow described which contains one (1) house and four (4) chicken houses shall be appraised. ... That upon completion of the appraisal, Counsel for each party shall be provided a copy of said appraisal report and each party afforded the opportunity within thirty (30) days of the filing of this report with this court to secure financing and effectuate the purchase of the property from the other party. That the party first to file with this Court a Cashier’s Check representing the appraised value of said property shall be the person to be invested with title to said property. That the proceeds from such payment shall be disbursed as follows:
“1. Payoff to First National Bank of Union Springs, Alabama;
“2. Payment of appraisal report;
“3. The balance of the monies shall be divided between the Husband and Wife equally.”
The wife filed a motion to alter or amend the final judgment of divorce, or in the alternative, a motion for new trial, attacking the method utilized by the court in its distribution of the marital property. The motion was denied.
On January 16, 1991 an appraisal, valuing the property at $275,000, was filed with the clerk of the court. On January 23, 1991 the trial court received a certified check in the amount of $17,033.08 from the husband. Thereafter, the wife filed a motion to stay the proceedings. The motion was never ruled upon. The wife filed a timely notice of appeal.
On appeal, the wife contends that the trial court abused its discretion in its division of the marital property. She asserts that the court’s method of disposing of the property and the results of that methodology were not equitable.
With the final disposition of the property the husband received all the marital property plus $8,516 (one-half the balance of the proceeds); the wife received $8,516.
When a trial court is presented oral evidence in a divorce proceeding, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, but it should be equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). Factors to be considered in the division of property include the future prospects of the parties, their age, health, station in life, length of marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
The marital property consisted of the home of the parties, 22 acres-of land, four fully automated chicken houses, and certain other personal property not pertinent to this appeal. The record reflects that approximately one year prior to the initiation of this action the parties decided to enter the chicken business. At that time they mortgaged the home and the 22 acres of land to secure a $250,000 loan. Prior to this venture, the home and the land were unencumbered.
The record reflects that the parties were married for 25 years. The wife is 41 and the husband is 54. The wife received custody of the parties' minor son. The child has lived in the marital home all of his life. The wife works in the insurance industry, collecting a debit. She makes approximately $10,000 per year. She testified that she took the insurance job so that the husband could quit his job and devote full time to the chicken venture. The parties agreed that the mortgage on the chicken houses would be paid off in seven years. There was evidence presented that once the mort *355 gage was paid the chicken houses could generate as much as $75,000 in yearly income.
Though there are presumptions of correctness which attach to the trial court’s findings in a divorce action, such presumptions do not attach to findings as to facts which are not materially disputed. Turner v. Clutts, 565 So.2d 92 (Ala.1990). Because the total marital assets and relative circumstances of the parties were not in material dispute, we view them in the same light as the trial court. Turner. We find that the method used by the trial court in effecting the division of property resulted in a gross inequity to the wife. The provision in the decree for solving the problem of a property division was unfair to the wife on its face. She was not involved in the operation of the chicken business except to encumber her home so that the husband could undertake the venture. She was at an obvious disadvantage to compete with the husband in securing credit to purchase the property and business from the husband. The result of the operation of the decree was that the husband obtained a going business and property valued at $275,000 for $8,516. The wife, after 25 years of marriage, birthing two children, and having, presumably, joint ownership of a home and valuable property, lost it all except $8,516. She has custody of a minor child and the older child remains at home, but she now has no home for them. This court considers that from the facts it is self-evident that there is present in the decree such inequity as to constitute an abuse of judicial discretion.
For such abuse of discretion the judgment of the trial court must be and hereby is set aside insofar as the “Real Property Division.” The rest and remainder is affirmed.
This court will not direct a specific property division in this case, but remands the matter to the trial court to render a proper and equitable division. It is suggested that a reasonable solution might provide for the carving from the whole property the home, unencumbered, as an award to the wife. The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.