601 So.2d 1025 (1992)
Joseph L. KING
v.
Janie L. KING.
2910167.
Court of Civil Appeals of Alabama.
June 26, 1992.
*1026 V. Lee Pelfrey, Troy, for appellant.
Larry C. Jarrell, Troy, for appellee.
L. CHARLES WRIGHT, Retired Appellate Judge.
This appeal is from a judgment after remand. For facts pertinent to the original appeal, see King v. King, 587 So.2d 353 (Ala.Civ.App.1991).
In that appeal, we determined that the property division was inequitable and constituted an abuse of judicial discretion. In remanding the issue to the trial court we stated the following:
"For such an abuse of discretion the judgment of the trial court must be and hereby is set aside insofar as the `Real Property Division.' The rest and remainder is affirmed.
"This court will not direct a specific property division in this case, but remands the matter to the trial court to render a proper and equitable division. It is suggested that a reasonable solution might provide for the carving from the whole property the home, unencumbered, as an award to the wife."
Following a remand hearing, the trial court entered the following pertinent directive:
"To have Joseph L. King's full military retirement made payable to the First National Bank of Union Springs by allotment to be applied to the monthly mortgage indebtedness owing on the real estate mortgage indebtedness of the parties. Said allotment shall continue until such time as the mortgage indebtedness presently owing is paid in full and/or until the marital home is released by the creditor from the above mortgage. (Note: The Defendant's payment by allotment of this real estate mortgage indebtedness shall have the effect of providing the support necessary to ensure a home for the former spouse and the minor child of this marriage and for the additional purposes of balancing disparate incomes as Joseph King is receiving a money generating business asset which should be totally paid for in less than seven years from the date of the original mortgage indebtedness's execution."
The husband contends that the trial court erred in ordering an allotment of his military retirement income to pay the mortgage indebtedness.
Military retirement benefits may not be made the basis of either alimony in gross or a property settlement in a divorce action. Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979); Vaughn v. Vaughn, [Ms. May 29, 1992], 1992 WL 111647 (Ala. Civ.App.1992). Therefore, the trial court's use of the husband's military retirement benefits to effectuate the property settlement was in error.
The wife suggests that the trial court's "note" had the effect of granting periodic alimony, and it was therefore proper to attach the husband's benefits. Military retirement benefits may be considered as a source of income from which to pay periodic alimony. Powers v. Powers, 518 So.2d 140 (Ala.Civ.App.1987). The original divorce decree, however, did not grant the wife periodic alimony and did not reserve the right to periodic alimony in the future. The wife's right to periodic alimony became moot when she failed to raise that issue on appeal.
This case is once again remanded to the trial court for that court to determine an equitable division of the marital property. In doing so, the trial court may not make an allotment of the husband's military retirement benefits to effectuate the *1027 settlement. However, such retirement benefits may be considered as an asset of the husband in effecting an equitable property division. Vaughn. We are familiar with the facts from the original appeal and have carefully reviewed the record after remand. The dispositions of the parties involved and the financial entanglement of the marital property presents a difficult situation. We hesitate to make further suggestions. However, if the matter cannot be resolved, we suggest that the property be sold in entirety and the proceeds of the sale after payment of indebtedness legally secured by the property be divided equitably between the parties.
The judgment of the trial court is reversed and remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
ROBERTSON, P.J., and RUSSELL, J., concur.
THIGPEN, J., concurs specially.
THIGPEN, Judge, concurring specially.
I concur with the majority that the trial court may not make an allotment of the husband's military retirement benefits to effectuate a property settlement in this divorce action; however, the retirement benefits may be considered as an asset in effecting an equitable property division. An equitable property division lies within the discretionary authority of the trial court based on numerous factors and the relevant facts of each case. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984); Kabaci, supra. As such, the trial court here has the authority to order the husband to pay the marital debts from whatever sources he may have available.