Following oral proceedings, the Circuit Court of Shelby County entered a final divorce decree, dividing the parties' property and awarding the wife periodic alimony. The wife appeals. She insists that the property division and the award of alimony were made in error. She further suggests that the court erred in refusing to award her attorney fees.
The record reflects that the parties were married for approximately 20 years. No children were born of the marriage. Both the husband and the wife had children from previous marriages.
At the time of the hearing the wife was 51 years old, with a high school education and in good health. For a majority of the marriage she did not work outside the home. Testimony was presented, however, that she assisted the husband in his business as a sales agent for Alfa Insurance Company. At the time of the hearing she was employed, earning approximately $1,400 per month. She testified that she filed the complaint for divorce because she came to believe that the husband raped her daughter in the early years of the marriage. In April 1992, five months after the complaint for divorce was filed, the husband was arrested for rape, based upon the allegations of the wife's 27-year-old daughter. The rape allegedly occurred during the daughter's childhood, from the ages of 7 to 13 years. The daughter allegedly reported the offense to her mother, but the mother chose not to believe her until she filed for the divorce.
At the time of the hearing the husband was 65 years old and was suffering from rheumatoid arthritis. He had previously had a knee and a hip replacement and was scheduled to have his ankles fused. At the time of the hearing he was on disability leave from Alfa, receiving approximately $3,400 per month in disability and Social Security benefits. When the disability benefits expire, he will be entitled to $2,793 per month in retirement benefits and $1,089 in Social Security benefits. Prior to the hearing he had withdrawn $63,000 from a 401(k) account and approximately $15,000 from a company savings plan. The husband testified that he sold a trailer park and that the proceeds from the sale were being held by his criminal defense attorney as security for an attorney's fee in the defense of the rape case. The husband presented testimony that the wife was seen kissing a local preacher.
The wife was awarded a lake house valued at approximately $50,000, the land for which is leased from Alabama Power Company; all personal property within her possession; one-half of the Alfa stock worth approximately $157,000; a 1983 Buick automobile; and $600 per month in periodic alimony.
The trial court awarded the husband the unencumbered marital residence valued at approximately $145,000; 168 acres of farm land in Blount County, lying in or near the city limits of Oneonta, with a conflicting value of $84,000 to $1,680,000, which generates $100 per month in rental income; rental property in Blount County valued at approximately $45,000, which generates income of approximately $200 per month; rental property in Dallas County with $10,000 in equity, which generates approximately $360 per month; an unencumbered apartment building, which generates monthly lease-sale income of $216; one-half of the Alfa stock valued at $157,000; all personal property in *Page 820 
his possession; a 1988 Chrysler automobile; and a 1986 Chevrolet van.
The award of alimony and the division of property are matters which are within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986). When a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App. 1985). The trial court's judgment, however, is subject to review and revision. Seamon v. Seamon, 587 So.2d 333
(Ala.Civ.App. 1991). When making an award of alimony or a division of property, factors which the trial court should consider are the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties.Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982).
Though there are presumptions of correctness which attach to the trial court's findings of fact in a divorce action, such presumptions do not attach to findings as to facts which are not materially disputed. King v. King, 587 So.2d 353
(Ala.Civ.App. 1991). Because the total marital assets and relative circumstances of the parties were not in material dispute, we view them in the same light as the trial court. King.
In view of all the evidence, we find that the trial court abused its discretion as to the property awarded to the wife. The husband was awarded the large majority of the marital assets. There is no material evidence of misconduct of the wife during nearly 20 years of marriage. There is evidence that she aided in the business and management of the marital property. We consider that the wife is entitled to a more equitable distribution of the marital assets for the time spent in the marriage. We reverse that part of the judgment and further direct the trial court to award to the wife the additional sum of $25,000 as alimony in gross from the marital estate. There is undisputed evidence that such sum is available from the estate.
We cannot say that the award to the wife of $600 per month as periodic alimony is so palpably wrong as to constitute an abuse of the trial court's discretion. We affirm its decision in that regard.
The wife also asserts that the trial court abused its discretion in denying her attorney fees.
An award of attorney fees is a matter which lies within the discretion of the trial court. Slater v. Slater, 587 So.2d 376
(Ala.Civ.App. 1991). Factors to be considered in awarding attorney fees are the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties. Slater. Considering the facts of this case and our findings, we find that the trial court abused its discretion in refusing to award attorney fees to the wife. That aspect of the decree is reversed and the cause remanded for the trial court to assess reasonable attorney fees against the husband.
The wife contends that the trial court erred in excluding testimony concerning the husband's alleged rape of the wife's daughter.
The wife called her 27-year-old daughter as a witness. The daughter testified that the husband raped her repeatedly from the time she was 7 years old until she was 13 years old. She stated that when she was 13 years old, she informed her mother of the rape. She further testified that she had just recently instituted criminal charges against the husband.
At that point in the testimony, the husband made a motion to exclude the daughter's testimony based on relevancy and materiality. The trial court granted the motion. The wife did not object to the adverse ruling. The issue, therefore, is not preserved for our review. Boykin v. First Alabama Bank ofBirmingham, 384 So.2d 10 (Ala. 1980).
The judgment of the trial court as it relates to the division of property and to the denial of attorney fees is reversed and the cause is remanded for entry of a judgment consistent with this opinion. The remainder of the judgment is affirmed. *Page 821 
The wife's request for attorney fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur.