L. CHARLES WRIGHT,
Retired Appellate Judge.
On April 24,1989, Frances Ford was walking by Blondie Fluharty’s house when Flu-harty’s dog ran up to Ford, causing Ford to fall and injure her hip. Stephen Brannon, Fluharty’s nephew, took Ford to the hospital.
*20 On April 28, 1989, Fluharty notified her homeowner’s insurance carrier, Alfa Mutual Insurance Company, of the incident. The claim was referred to a claims adjuster. Within the week, the adjuster unsuccessfully tried to contact Ford. On May 11, 1989, the adjuster learned that Ford had retained counsel. On May 22, 1989, the adjuster requested that he be allowed to take Ford’s statement. Ford’s counsel told the adjuster that Ford was in no condition to give a statement.
Eight months later, in February 1990, Ford’s counsel sent a settlement proposal to Alfa. The adjuster again requested that he be able to take Ford’s statement. The request was denied.
Shortly thereafter, in March 1990, Ford filed an action for negligence against Fluharty. In October 1990 Ford amended her complaint, adding a claim for negligence against Brannon, as the agent for Fluharty.
In March 1991 Ford’s counsel learned, by reviewing another homeowner’s policy issued by Alfa, that the medical payment coverage provided in that policy would extend to an incident like the one in which Ford was injured. He contacted Fluharty’s counsel to inquire if her policy had a similar provision. Fluharty’s counsel contacted Alfa and inquired regarding the medical payment provisions. Fluharty’s counsel was authorized by Alfa to call Ford’s counsel and to offer her the $1,000 medical payment without admission of liability, which he did.
Subsequently, Ford moved to dismiss her claim against Fluharty and asked for leave to amend her complaint to add a contract claim and a suppression claim against Alfa. The amended complaint alleged that Alfa fraudulently suppressed the existence and terms of the medical payment provisions of Fluharty’s policy.
In June 1991 the trial court granted the motion for summary judgment in favor of Brannon, leaving Alfa as the only defendant. In July 1991 Ford again asked for leave to amend her complaint to add a claim for bad faith against Alfa.
In March 1992 the trial court granted the motion for summary judgment in favor of Ford on the contract claim and awarded her $1,000, which was the limit under the medical payment provision of the policy. The trial court granted the motion for summary judgment in favor of Alfa as to the suppression claim and denied the motion for summary judgment as to the bad faith claim.
Following a number of continuances, the bad faith claim was scheduled for trial on August 23, 1993. On August 2, 1993, Alfa received a letter from Ford’s counsel, in which he stated that he believed the claim for suppression was more viable than the claim for bad faith and that, in the interest of judicial economy, he would agree to a dismissal of the bad faith claim so that he could appeal the summary judgment as to the claim for suppression. Ford’s counsel then drafted the order granting the motion for summary judgment in favor of Alfa on the bad faith claim.
Ford appeals and initially asserts that the trial court erred in granting the motion for summary judgment in favor of Alfa on the suppression count. She insists that Alfa fraudulently suppressed the existence and terms of the medical payment provision of Fluharty’s policy.
Section 6-5-102, Code 1975, provides:
“Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.”
“Under § 6-5-102, mere silence is not fraud unless confidential relations or special circumstances exist; active concealment or misrepresentation must be present.” Berkel & Co. Contractors v. Providence Hospital, 454 So.2d 496 (Ala.1984).
Ford concedes that she and Alfa did not share a confidential relationship. She insists that Alfa had an obligation to communicate the terms of the medical payment provision of the policy due to the “particular circumstances of the case.”
Application of the “particular circumstances” provision of the statute requires a case-by-case employment of several factors. *21 Berkel & Co. Contractors. “A duty to speak depends upon the relation of the parties, the value of the particular fact, the relative knowledge of the parties, and other circumstances.” Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970). A duty to disclose will not be imposed because of the “particular circumstances” of a case unless a relationship exists between the parties which, “while not necessarily required to be confidential ... [is] such that a disclosure of material information is dictated.” Trio Broadcasters, Inc. v. Ward, 495 So.2d 621 (Ala.1986). An obligation to disclose does not arise where the concerned parties are knowledgeable and capable of handling their own affairs. Trio Broadcasters, Inc. A party acting on the advice of an attorney meets those qualifications. Holdbrooks v. Central Bank of Alabama, N.A., 435 So.2d 1250 (Ala.1983).
There being no material fact in dispute, it was the duty of the trial court to make a legal decision determining the existence of the duty to disclose. Berkel & Co. Contractors. In granting the motion for summary judgment in favor of Alfa on the suppression count the trial court stated the following:
“[T]he Court finds that the Plaintiff employed her attorney on May 12, 1989, to represent her in a claim for an accident which occurred on April 24, 1989, and that an adversarial relationship existed on February 2, 1990, when Plaintiff, through her attorney, made her claim against [Alfa]. The Court finds that, in light of the amount of the claim, the medical payments coverage was not a material fact relied upon by Plaintiff. Furthermore, the Court can find no evidence that Alfa suppressed the fact of medical payments coverage.”
Based on our review of the record and the principles of law that we have stated, we do not find that the trial court erred in granting the motion for summary judgment in favor of Alfa.
Ford next asserts that the trial court erred in granting the motion for summary judgment in favor of Alfa on the bad faith count.
As stated previously, Ford’s counsel chose to allow summary judgment to be entered against her on the bad faith claim, rather than go to trial or attempt an interlocutory appeal. There is no dispute that Ford’s counsel drew up the order contrary to her interest and presented it to the court for approval.
On the authority of Boykin v. First Alabama Bank of Birmingham, 384 So.2d 10 (Ala.1980), we find no error on this issue.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.